UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

United States

v.                              Criminal No. 10-mj-092-01-LM

Joseph Hearn

**O R D E R**

On December 10, 2010, defendant appeared for a removal
hearing on a warrant issued out of the District of Massachusetts
on a supervised release violation.  Defendant stipulated both to
the question of identity and the existence of probable cause on
the violation.  I therefore find that defendant is the same
person named in the warrant and petition and that there is
probable cause that defendant has violated the condition as
charged in the petition.

Defendant sought release; the government sought detention.
Because defendant is charged with a supervised release
violation, both parties agreed that Rule 32.1(a)(6) applied.
Under that Rule, a defendant bears the burden of establishing by
clear and convincing evidence that he will not flee and poses no
danger to any other person or to the community.  Based on the
evidence presented at today's hearing, and for the reasons
stated on the record, defendant has failed to meet his burden of
persuading the court that he poses no danger to himself or to

the community.

The court stated on the record its reasons for detaining defendant.  Those reasons are summarized below:

- Defendant's record is extensive and includes numerous burglaries and a drug trafficking offense.

- Defendant's most recent criminal conviction, a Class A misdemeanor criminal trespass, to which defendant pled guilty, occurred while on supervised release in this case.  According to the police report, defendant was seen in Nashua looking into residences at 11:30 p.m. A Nashua police officer stopped the defendant. Defendant had a flashlight and gloves and was in possession of a large quantity of coins and jewelry. Defendant admitted to the officer that he "had a problem with burglarizing homes."  Defendant's criminal record confirms his candor.

- Unfortunately, defendant also has a problem complying with conditions of supervision.  This makes him a danger to the community.  The court has considered less restrictive alternatives to detention, but defendant failed to meet his burden of persuading the court by clear and convincing evidence that he would abide by lesser restrictions.

2

The court finds that defendant is unlikely to abide by any condition or combination of conditions of release.  The court is concerned for public safety.  Accordingly, it is **ORDERED** that the defendant be detained pending his transfer to Massachusetts and final revocation hearing.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  December 13, 2010

cc:  James P. O'Rourke, Jr., Esq.
     Clyde R.W. Garrigan, Esq.
     U.S. Marshal
     U.S. Probation

3